LAW OFFICES OF TODD F. HAINES
TODD F. HAINES, ESQ. (SBN: 144429)
SHAN H. YAMAMOTO, ESQ. (SBN: 253262)
BRIAN P. TAPPER, ESQ. (SBN: 256580)
30495 CANWOOD STREET, SUITE 100
AGOURA HILLS, CA 91301
phone: (818) 597-2240
fax  : (818) 597-2120

Attorneys for Plaintiff
**SECURITY NATIONAL INSURANCE COMPANY**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DISTRICT

| | |
|---|---|
| SECURITY NATIONAL INSURANCE COMPANY, a corporation, <br><br> Plaintiff, <br><br> v. <br><br> G.A. BRAUN, INC, a corporation; and Does 1 through 10 <br><br> Defendants. | CASE NO. <br><br> COMPLAINT FOR SUBROGATION <br><br> AMOUNT DEMANDED DOES EXCEED $10,000.00 (AMOUNT DEMANDED IS $24,342.75) |

Plaintiff alleges as follows:

### GENERAL ALLEGATIONS

1.  Plaintiff, SECURITY NATIONAL INSURANCE COMPANY, a corporation ("PLAINTIFF") is, and at all times herein mentioned was, a corporation organized and existing under and by virtue of the laws of its State of incorporation and authorized to transact, and is transacting a business in this State as a property and casualty insurer duly authorized and licensed under the laws of the State of California.

2. PLAINTIFF is informed, believes and thereon alleges that Defendant, G.A. BRAUN, INC, a corporation, ("BRAUN") is, and at all times mentioned herein was, a corporation existing and doing business under the laws of the State of California, and having its principal place of business in the City of Syracuse, State of New York.

3. As used herein, "CLAIMANT" refers to Ana Rivas.

4. As used herein, the "accident date" refers to April 2, 2018.

5. As used herein, "INSURED" refers to PLAINTIFF's insured, Yee Yuen Linen and Cleaners, Inc.

6. As used herein, the "accident location" refers to the 2575 Normandie Ave in the city of Los Angeles.

7. As used herein, the "PRODUCT" refers to a laundry processing and folding machine, bearing the brand/manufacture's name of G.A. Braun, Inc., Model: the LPS2, Serial No.: ST12021162B

8. The true names and capacities whether individual, corporate, associate or otherwise of defendants sued herein as DOES 1 through 10, inclusive, are unknown to PLAINTIFF at the time of filing this Complaint and, therefore, PLAINTIFF sues said defendants by such fictitious names. PLAINTIFF will ask leave of Court to amend this Complaint to allege their true names and capacities when the same shall have been ascertained, together with appropriate charging allegations, if necessary. PLAINTIFF is informed, believes and thereon alleges that each of the fictitiously named defendants is responsible, in some manner, for

the events and happenings hereinafter set forth. Hereinafter "DEFENDANTS" shall collectively refer to defendant BRAUN, and DOES 1 through 10.

9. At all times herein mentioned, each of the defendants was an agent, employee or representative of each of the remaining defendants, and at all times herein mentioned, acted within the course and scope of said agency, employment or representation.

## FIRST CAUSE OF ACTION
### (Subrogation)

10. PLAINTIFF realleges and incorporates herein by reference paragraphs 1 through 9, inclusive, with the same force and effect as though said allegations were fully set forth herein.

11. At said time and place, PLAINTIFF believes that DEFENDANTS, each of them, were and are in the business of designing, manufacturing, engineering, built assembling, installing, inspecting, endorsing, drafting, testing, franchising, supplying, selling, leasing, and distributing the PRODUCT and that prior to the accident date, said DEFENDANTS did design, manufacture, engineer, test, franchise, supply, sell, lease, distribute, and place in the stream of commerce a certain PRODUCT and each and every component thereof.

//
//
//

COMPLAINT                              3

12. At said time and place, PLAINTIFF believes that DEFENDANTS' PRODUCT and its component parts proximately and legally caused the accident and injury damages thereof to CLAIMANT.

13. At said time and place, PLAINTIFF believes that DEFENDANT owned, installed, supplied, leased, rented, maintained, controlled, and/or operated the PRODUCT which was located at the accident location where CLAIMANT was working.

14. DEFENDANTS had a duty to maintain and properly install the PRODUCT in a manner that is reasonably safe. DEFENDANTS breached their duty when they failed to warn, train, inspect, maintain, install, and/or repair the component parts of the PRODUCT thereby rendering the PRODUCT to be unsafe to those working with the PRODUCT.

15. PLAINTIFF is informed and believes, and thereon alleges, that at all times relevant hereto, the PRODUCT was composed of multiple areas of moving parts, including rotating rollers, revolving bands and other areas of moving machinery at the last stage of the operation of the PRODUCT, which is the location were the incident occurred and that these areas of moving parts, including rotating rollers, revolving bands and other areas of moving machinery, were exposed, unguarded and unprotected, thereby allowing operators of the PRODUCT, including CLAIMANT, to reach into the areas of moving parts, including the point of injury, for the purpose of removing or readjusting pieces of laundry that had become "jammed" and/or misfunctioned, such that CLAIMANT suffered

injury when her hand was caught and crushed into the rollers and bands of the point of injury.

16. PLAINTIFF is informed and believes, and hereon alleges, that at all times relevant hereto, DEFENDANTS knew that the PRODUCT was prone to cause pieces of laundry to "jam" and misfunction which required that the operators of the PRODUCT, including CLAIMANT, to reach into the PRODUCT, including at the point of injury, in order to remove or readjust the pieces of laundry that had become "jammed" or misfunctioned in order to allow the continued operation of the PRODUCT.

17. Furthermore, DEFENDANTS failed to design, manufacture, and install reasonable safety devices on the PRODUCT. Therefore, DEFENDANTS' PRODUCT was defective, dangerous, and unsafe for its intended use and purpose and that said design and manufacturing defect made it dangerous and likely to injure intended individuals using DEFENDANTS' PRODUCT, all of which created an unreasonable risk of harm to CLAIMANT and others. CLAIMANT used the PRODUCT in a reasonably foreseeable way however DEFENDANTS' PRODUCT did not perform as safely as an ordinary consumer would have expected the PRODUCT to perform. In addition, DEFENDANTS knew or should have done the defects in the design and manufacture of the PRODUCT, and that this defect rendered the PRODUCT system unsafe for the intended user such as CLAIMANT.

//

//

//

18.     As a result of the negligence of DEFENDANTS, the CLAIMANT sustained injuries to the body and limbs. On the accident date, CLAIMANT while using the PRODUCT system for its intended purpose, was severely injured. CLAIMANT was acting within the course and scope of said agency and/or employment with INSURED. INSURED had a workers compensation insurance policy with PLAINTIFF on the accident date.

19.     As a direct and proximate result of the negligence of defendants, and each of them, CLAIMANT has presently sustained bodily injury damages in the sum amount of $24,342.75. Pursuant to the workers compensation policy that PLAINTIFF had with INSURED, PLAINTIFF was obligated to make workers compensation benefits payments to CLAIMANT.

//
//
//
//
//
//
//
//
//
//
//
//
//

COMPLAINT                                6

**WHEREFORE**, PLAINTIFF prays judgment as follows:

1. For the sum of $24,342.75 presently with the total fixed demand amount to be determined at the time of trial, together with interest thereon at the maximum legal rate permitted by law from April 15, 2019;
2. For costs of suit herein; and
3. For such other and further relief as the Court deems just and proper.

Dated: June 13, 2019

LAW OFFICES OF TODD F. HAINES

By: *[signature]*

BRIAN P. TAPPER, ESQ.
Attorneys for Plaintiff
SECURITY NATIONAL INSURANCE COMPANY

BT/501-117

COMPLAINT  7